UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| POLAR LEASING COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: |
| v. | ) | |
| BOSTON MARKET CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Polar Leasing Company, Inc. ("Polar"), for its claims against Defendant, Boston Market Corporation ("BMC" or "Defendant"), alleges and states as follows:

1. Polar is an Indiana corporation with its principal office located in Fort Wayne, Allen County, Indiana.

2. BMC is a Delaware corporation with its principal office located at 14103 Denver West Parkway, Golden, CO, 80401.

3. This Court has subject matter jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332.

4. Complete diversity exists between the parties in that they are citizens of different states.

5. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue is appropriate in this District and Division pursuant to 28 U.S.C. § 94(a)(1) in that a substantial part of the transaction giving rise to Polar's claim occurred in this judicial district and BMC consented to jurisdiction in the State of Indiana.

7. Polar provides electric, ground-resting, outdoor walk-in freezer and refrigerator rentals.

8. On or about September 4, 2020, Defendant entered into a rental agreement (the "Agreement") for refrigeration units ("Rental Property") from Polar. A copy of the Agreement is attached hereto as Exhibit "A".

## Count I – Breach of Contract

9. Polar incorporates by reference each preceding paragraph of this Complaint as if fully set forth herein.

10. Polar and BMC entered into an Agreement whereby BMC agreed to lease certain Rental Property from Polar, and BMC agreed to pay Polar for such Rental Property.

11. Polar performed its duties and obligations under the Agreement.

12. BMC breached the contract by failing to pay Polar for the Rental Property despite Polar's demands for payment. Copies of the Account Statement as of November 22, 2022, and letter from the undersigned attorney are attached as Exhibit "B".

13. As a direct and proximate result of BMC's breach of the contract, Polar has suffered and will continue to suffer damages.

WHEREFORE, Polar requests that the Court enter judgment in its favor and against Defendant in the amount of $338,850.73, plus costs and interest, reasonable attorney fees, and for all other just and proper relief.

## Count II – Account Stated

14. Polar incorporates by reference each preceding paragraph of this Complaint as if fully set forth herein.

15. Polar submitted an Account Statement to Defendant for payment for the refrigeration rentals in the total amount of $338,850.73.

16. Defendant has not objected to the accuracy of any of the amounts invoiced.

17. There is now due, owing, and unpaid from Defendant to Polar on said account the principal sum of $338,850.73, together with interest since November 22, 2022 at the highest applicable legal and/or contractual rate.

WHEREFORE, Polar requests that the Court enter judgment in its favor and against Defendant in the amount of $338,850.73, plus costs and interest, and all other just and proper relief.

### Count III – Unjust Enrichment

18. Polar incorporates by reference each preceding paragraph of this Complaint as if fully set forth herein.

19. Defendant has benefitted from the use of the Rental Property at Polar's expense without paying Polar for the Rental Property and, as such, has been unjustly enriched.

20. The principles of equity require restitution.

WHEREFORE, Polar requests that the Court enter judgment in its favor and against Defendant in an amount sufficient to compensate it for Defendant's unjust enrichment and all other relief just and proper in the premises.

### Count IV – Quantum Meruit

21. Polar incorporates by reference each preceding paragraph of this Complaint as if fully set forth herein.

22. Polar provided Rental Property described herein in good faith and at the request of Defendant.

23. Defendant accepted and used the Rental Property provided by Polar.

24. Polar reasonably expected to be compensated for the Rental Property provided to Defendant.

WHEREFORE, Polar requests that the Court enter judgment in its favor and against Defendant in an amount sufficient to compensate Polar for the reasonable value of its services and all other relief just and proper in the premises.

    Respectfully submitted,

    /s/ John M. Mead
    John M. Mead
    Attorney for Plaintiff

John M. Mead, #17459-49
Clark, Quinn, Moses, Scott & Grahn, LLP
320 North Meridian Street, Suite 1100
Indianapolis, IN 46204
jmead@clarkquinnlaw.com
(317) 637-1321