UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| POLAR LEASING COMPANY, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:23-CV-06-HAB |
| ) | |
| BOSTON MARKET CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER GRANTING DEFAULT JUDGMENT**

After obtaining an entry of default (ECF No. 7) against the Defendant, Boston Market Corporation, Plaintiff, Polar Leasing Company, Inc. (Polar) moved for a Default Judgment. (ECF No. 8). Because the Defendant failed to appear or otherwise defend and the Plaintiff is entitled to a default judgment and damages as set forth herein, the Motion is GRANTED.

*I.     Procedural Background*

On January 5, 2023, Polar filed its Complaint against Defendant seeking payment of monies Polar claims it is due and owing under a contract between the parties. (ECF No. 1). Polar's Complaint properly asserts subject matter jurisdiction based on diversity of citizenship and the amount in controversy exceeds the $75,000 threshold.

On January 11, 2023, Defendant, through its registered agent, was served by registered mail with a Summons and copy of Polar's Complaint. (ECF No. 5). Defendant has failed to appear or otherwise defend within the allowable time and a clerk's entry of default was issued on February 15, 2023.

*II.     Analysis*

Federal Rule of Civil Procedure 55 creates a two-step process for a party seeking default judgment. *See VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). First, the plaintiff must obtain an entry of default from the Clerk. Fed. R. Civ. P. 55(a). After the entry of default, the plaintiff may move for default judgment under Fed. R. Civ. P. 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." *Id.* However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." *Id.* (quoting *In re Catt*, 38 F.3d 789, 793 (7th Cir. 2004)). A district court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id*. Rule 55(b)(2) allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b). On the other hand, such proceedings are unnecessary if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *e360 Insight,* 500 F.3d at 602 (quoting *Dundee Cement Co. v Howard Pipe & Concrete Prods., Inc.*, 722 F2d 1319, 1323 (7th Cir. 1983)).

    **a.**    **Liability**

Taken as true, the allegations in the Complaint establish the liability of Defendant for breach of contract. *See Collins v. McKinney*, 871 N.E.2d 363, 370 (Ind. Ct. App. 2007) ("To recover for a breach of contract, a plaintiff must prove that: (1) a contract existed, (2) the defendant breached the contract, and (3) the plaintiff suffered damage as a result of the defendant's breach.").[1]

---

[1] The Agreement contains a choice of law provision agreeing to Indiana law as the governing law.

2

Polar pled the existence of a rental contract between itself and the Defendant for 70 walk-in dual temperature freezers. (Compl. ECF No. 1); (Agreement, ECF No. 1-3). Polar alleged Defendant breached the Agreement by accepting the freezers but failing to pay rental costs and late fees that accrued on their account for their use. (Statement of Account, ECF No. 1-4). Defendant has returned the freezer units to Polar but Polar claims damages in the amount of the unpaid rental and late fees that accrued while the units were in use by Defendant. These allegations, accepted as true, establish the Defendant's liability on the contract. Additionally, Plaintiff made equitable claims of unjust enrichment and quantum meruit that have likewise been established as a matter of law. Therefore, the Court must determine damages. Fed. R. Civ. P. 55(b).

    b.    **Damages**

Plaintiff's request for damages is supported by the Affidavit of William Federspiel (Federspiel Aff., ECF No. 8-1), and the account statements attached to both the Complaint and the request for default judgment. Pursuant to the parties' Agreement, Defendant agreed to pay a late payment assessment of 1.5 percent per month on all delinquent accounts, as well as attorney's fees and court costs to collect any sums due under the agreement. (Federspiel Aff. ¶ 5). These amounts constitute a sum certain totaling $352,876.94 plus interest accruing from February 15, 2023. Additionally, Plaintiff seeks $700.00 in attorney fees it expended to file suit to collect the amount owed. (Federspiel Aff. ¶ 10). The Court finds that the record evidence, both documentary and testimonial, supports the damage award. Additionally, Plaintiff has established that Defendant, a corporate entity, is not in the military, an infant, or incompetent. (Federspiel Aff. ¶15). Accordingly, the Court finds that Defendant is liable to Plaintiff for the total amount of $353,576.94 as a result of its breach of contract.

## **CONCLUSION**

Based on the above, the Court GRANTS the motion for default judgment (ECF No. 8). The Clerk is directed to enter judgment in favor of Polar in the amount of $353,576.94 along with pre-judgment interest accruing from February 15, 2023, until the date of this Order and post-judgment interest accruing from the date judgment is entered.

SO ORDERED on March 14, 2023.

                                                s/ *Holly A. Brady*
                                                JUDGE HOLLY A. BRADY
                                                UNITED STATES DISTRICT COURT